McGREGOR W. SCOTT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00183-DAD-BAM |
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| OSCAR HERNANDEZ | |
| Defendant. | DATE: July 27, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on July 27, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials and extends the Courthouse closure in the Eastern District of California until further notice. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

1  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
2  and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances
3  are excludable only if "the judge granted such continuance on the basis of his findings that the ends of
4  justice served by taking such action outweigh the best interest of the public and the defendant in a
5  speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets
6  forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice
7  served by the granting of such continuance outweigh the best interests of the public and the defendant in
8  a speedy trial."  *Id.*

9  The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code
10  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
11  natural disasters, or other emergencies, this Court has discretion to order a continuance in such
12  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
13  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
14  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*
15  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
16  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
17  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

18  In light of the societal context created by the foregoing, this Court should consider the following
19  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
20  justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date
21  for the [event].  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial
22  continuance must be "specifically limited in time").

## STIPULATION

24  Plaintiff United States of America, by and through its counsel of record, and defendant, by and
25  through defendant's counsel of record, hereby stipulate as follows:

26  1.  By previous order, this matter was set for status on July 27, 2020.

27  2.  By this stipulation, defendant now moves to continue the status conference until October
28  26, 2020, and to exclude time between July 27, 2020, and October 26, 2020, under Local Code T4.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case is voluminous and includes investigative reports from both ATF and HSI, many hours of recordings of controlled purchases, numerous surveillance reports and pictures, and expert reports regarding the firearms in this case.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 27, 2020 to October 26, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  July 15, 2020                           McGREGOR W. SCOTT
                                                United States Attorney


                                                /s/ JEFFREY A. SPIVAK
                                                JEFFREY A. SPIVAK
                                                Assistant United States Attorney


Dated:  July 15, 2020                           /s/ Marc Days
                                                Marc Days
                                                Counsel for Defendant
                                                OSCAR HERNANDEZ




**ORDER**

IT IS SO ORDERED that the Status Conference is continued from July 27, 2020, to **October 26, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:  **July 16, 2020**                       /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE