PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR HERNANDEZ,<br><br>Defendant. | CASE NO. 1:19-CR-00183-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 27, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference and trial setting conference on July 27, 2022.

As set forth below, the parties now move based on good cause, by stipulation, to continue the status conference to October 26, 2022, and to exclude the time period between July 27, 2022 and October 26, 2022 under the Speedy Trial Act. The parties are continuing to work to resolve the case and Defendant is continuing to gather and present mitigation information he believes the government should consider for case resolution purposes.

Since the parties' last request for additional time, Defendant counsel has gathered what he believes is significant information relating to Defendant's extensive community involvement (including in youth sports), Defendant's business(es) relating to job placement and job training for a large number of individuals over several years in the agriculture and dairy business. Defense counsel requests roughly four to six weeks to formally present that information to the government an effective manner, which Defense counsel believes may materially impact the government's assessment of the case.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

While the Court has requested the parties be prepared to set trial at the July 27, 2022 status conference, the parties need a bit more time to work resolve the case and, thus the parties believe good cause exists to grant an additional continuance. The parties believe that with one additional conference in October 2022, the parties will be able to resolve the case with out the need to set trial. If the Court would like to set trial in this matter, the parties request a trial date in July 2023.

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on July 27, 2022.

2. By this stipulation, defendant now moves to continue the status conference until October 26, 2022, and to exclude time between July 27, 2022, and October 26, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case is voluminous and includes investigative reports from both ATF and HSI, many hours of recordings of controlled purchases, numerous surveillance reports and pictures, and expert reports regarding the firearms in this case. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to consult with his client, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case. Specifically, since the last continuance, the parties have held discussions about resolution of the case. As stated above, defense counsel has gathered and is continuing to gather additional mitigation information which counsel believes supports a modified plea offer in this matter.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the

1 case as requested outweigh the interest of the public and the defendant in a trial within the
2 original date prescribed by the Speedy Trial Act.
3     f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
4 et seq., within which trial must commence, the time period of July 27, 2022 to October 26, 2022,
5 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]
6 because it results from a continuance granted by the Court at defendant's request on the basis of
7 the Court's finding that the ends of justice served by taking such action outweigh the best interest
8 of the public and the defendant in a speedy trial.
9     4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the
10 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial
11 must commence.

IT IS SO STIPULATED.

Dated: July 19, 2022

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JEFFREY A. SPIVAK
JEFFREY A. SPIVAK
Assistant United States Attorney

Dated: July 19, 2022

/s/ Marc Days
Marc Days
Counsel for Defendant
OSCAR HERNANDEZ

# **ORDER**

IT IS SO ORDERED that the status conference is continued from July 27, 2022, to **October 26, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). <u>The Court will not grant further continuances, absent good cause, which will be narrowly construed, and will set a trial date at the next status conference if the case is not resolved in advance of that status hearing</u>.

IT IS SO ORDERED.

Dated:   **July 20, 2022**              /s/ *Barbara A. McAuliffe*  
                                                                       UNITED STATES MAGISTRATE JUDGE